IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SAMUEL ROBERT QUEEN, JR., | : |
| Petitioner, | : CIVIL NO. 4: CV-07-1679 |
| v. | : (Judge Jones) |
| JONATHAN C. MINER, WARDEN, | : |
| Respondent. | : |

MEMORANDUM

December _3_, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner Robert Queen, Jr. ("Petitioner" or "Queen"), an inmate presently confined at the Allenwood United States Penitentiary in White Deer, Pennsylvania ("USP-Allenwood"), initiated this pro se Petition for Writ of Habeas Corpus ("the Petition") pursuant to 28 U.S.C. § 2241. Named as Respondent is USP-Allenwood Warden Jonathan C. Miner. Service of the Petition was previously ordered.

Petitioner states that while previously confined at the United States Penitentiary in Leavenworth, Kansas ("USP-Leavenworth"), he was issued an institutional misconduct charging him with possession, manufacture, or

introduction of a weapon. On January 14, 2005, following a hearing conducted by Disciplinary Hearing Officer ("DHO") Steven Lacy, Petitioner was found guilty of the charge. Queen was sanctioned with a loss of twenty-seven (27) days of good conduct time, a thirty (30) day period of segregated confinement, and a forty-five (45) day loss of visitation and commissary privileges.

Queen states that he did not receive a copy of the DHO's written report until after his transfer to USP-Allenwood. As a result, Petitioner indicates that he was unable to initiate a timely administrative appeal. In a belated administrative appeal, Queen challenged the misconduct charge on the grounds that: (1) a copy of the DHO's report was not timely delivered; (2) he was not provided with a staff representative at his Unit Disciplinary Committee ("UDC") hearing; (3) the DHO denied his defense; (4) he was not granted leave to call witnesses; (5) he was arbitrarily and capriciously denied a copy of the DHO's written decision; (6) the misconduct charge was falsified and issued in retaliation; (7) he was denied witness statements; (8) there was denial of access to documentary evidence; (9) prison officials interfered with his attempt to pursue an administrative appeal; (10) he faced a "conformed charge of weapon possession;" and (11) he was subjected to a retaliatory transfer which interfered with his appeal rights. (Rec. Doc. 1 at 3).

His administrative appeal was denied by Bureau of Prisons ("BOP")

Regional Director Scott Dodrill on April 4, 2007. A further administrative appeal was denied on June 14, 2007 by the BOP's National Administrator for Inmate Appeals, Harrell Watts.

In his present action, Queen sets forth similar arguments. Specifically, Petitioner claims entitlement to federal habeas corpus relief on the grounds that he was: (1) not given timely notice of the misconduct charge; (2) not served with a copy of the DHO's written report in a timely manner; (3) improperly denied assistance of a staff representative; (4) denied permission to submit a written statement, witness testimony, and raise a defense; (5) subjected to a falsified and retaliatory misconduct charge; (6) forced to appear before a DHO who was biased, and who acted with a retaliatory motive and made false findings; (7) charged with an offense, possession of a weapon, which was not supported by sufficient evidence; (8) given a retaliatory transfer in violation of his due process and equal protection rights; and (9) denied due process during the course of his disciplinary proceedings.

Respondent argues that the Petition should be dismissed "on the basis of claim preclusion and issue preclusion because identical claims were adjudicated on the merits in a habeas action Queen brought in the United States District Court for the District of Kansas." (Rec. Doc. 7 at 3).

**DISCUSSION:**

It is undisputed that Petitioner previously filed a § 2241 habeas corpus petition in the United States District Court for the District of Kansas. Queen's prior petition, filed on May 8, 2006, challenged the legality of the same USP-Leavenworth disciplinary proceeding that is at issue here. By Memorandum and Order dated January 30, 2007, the District of Kansas determined that it would not be in the interests of justice to transfer Queen's action to the appropriate district court where it should have been filed because Queen had been afforded the due process protections to which he was entitled under Wolff v. McDonnell, 418 U.S. 539, 563-66 (1974), and Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 454 (1985). See Queen v. Nalley, 2007 WL 316984, at * 3 (D. Kan. Jan. 30, 2007).

Petitioner appealed the district court's adverse decision to the United States Court of Appeals for the Tenth Circuit. The Court of Appeals found no abuse of discretion in the dismissal of the petition. Moreover, after noting that the district court had properly determined that Petitioner had been afforded due process during his disciplinary proceeding, the Court of Appeals concluded that "[t]he district court's careful consideration of Mr. Queen's claims-more than a 'quick look'- makes it clear that there was no abuse of discretion in declining to transfer the action." Queen v. Nalley, 2007 WL 2981420, at *1 (10th Cir. Oct. 12, 2007).

The pertinent authority for dismissing successive habeas corpus petitions is found in 28 U.S.C. § 2244(a) and Rule 9(b)[1] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977), as made applicable to 28 U.S.C. § 2241 cases by Rule 1 thereof.

Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that presented no new ground not heretofore presented and determined." McCleskey vs. Zant, 499 U.S. 467, 483 (1991). Indeed, prior to the 1996 amendments, § 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in McCleskey expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in

---

[1] Rule 9(b) of the Habeas Corpus Rules provides:

> A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits, or, if new and different grounds are alleged, the judge finds that the failure of petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

5

his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

McCleskey, 499 U.S. at 489 (citations omitted).

In relevant part, § 2244(a) now provides:

No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus, except as provided in section 2255.[2]

However, although not expressly referenced in § 2244(a), courts have consistently held that the substantive provisions of section 2244 are applicable to § 2241 habeas petitions brought by federal prisoners. Felker vs. Turpin, 518 U.S. 651, 664 (1996) (holding that the restrictions on successive petitions found in § 2244 "constitute a modified res judicata rule, a restraint on what is called in habeas corpus practice 'abuse of the writ'" and applying those principles to an original petition filed under 28 U.S.C. § 2241); Valona vs. United States, 138 F.3d 693, 695 (7th Cir. 1998) (holding that § 2244(a) bars successive petitions

---

[2] Section 2255 provides in part:

A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
(1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(4).

under § 2241 directed to the same issue concerning execution of a sentence); Chambers vs. United States, 106 F.3d 472, 474-75 (2d Cir. 1997)(dismissing § 2241 petition as successive pursuant to § 2244); Byrd vs. Gillis, 1997 WL 698157, at *1 (E.D. Pa. 1997) (applying § 2244's requirements of second and successive petitions to a petition for writ of habeas corpus filed under 28 U.S.C. § 2241).

It is clear from the record that the issues contained in the instant Petition are the same or similar to those previously presented to both the District of Kansas and the Tenth Circuit Court of Appeals via Queen's prior § 2241 action. Thus, because the grounds raised herein either have already been decided or could have been previously raised in Queen's prior habeas action, this action is tantamount to a successive petition and will be dismissed pursuant to 28 U.S.C. § 2244(a). An appropriate Order shall issue.